UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MENES ANKH EL, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 2:16-cv-00266-JMS-DKL |
| ) | |
| BRIAN SMITH, ) | |
| ) | |
| Respondent. ) | |

**Entry Directing Further Proceedings**

The present action for habeas corpus relief brought by Menes Ankh El represents his most recent challenge to his conviction in No. 49G04-1208-FC-59353. A recent challenge, docketed as No. 1:16-cv-346-TWP-DKL, was dismissed without prejudice because his appeal from the denial of post-conviction relief was pending at the time that action was filed on February 8, 2016.

The appeal just referenced was docketed in the Indiana Court of Appeals as No. 49A05-1507-PC-00929. Public records of that Court show that the appeal was dismissed with prejudice on May 19, 2016 and that no petition for transfer had been filed as of July 1, 2016.

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is `no,' the petition is barred either for failure to exhaust state remedies or for procedural default." *Id.*

The exhaustion requirement is satisfied once a petitioner fairly presents his claims to each level of the state-court system for those courts' review. *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999). "[F]ederal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state court review, whether on direct appeal of his conviction or in post-conviction proceedings.'" *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)).

Indiana permits discretionary review by the Indiana Supreme Court of decisions of the Indiana Court of Appeals such as that issued in No. 49A05-1507-PC-00929. Indiana Appellate Rule 57(C)(1) provides that a petition to transfer shall be filed no later than thirty days after an adverse decision has been issued by this Court. Applying this rule to No. 49A05-1507-PC-00929, a petition to transfer would have to have been filed not later than June 20, 2016. As noted above, no petition to transfer was filed within this time period.

The petitioner's failure to file a petition to transfer constitutes his procedural default. *Hough v. Anderson,* 272 F.3d 878, 892- 93 (7th Cir. 2001)(petitioner's failure to present issue to Indiana Supreme Court constituted procedural default).

A federal court may excuse a procedural default if the habeas petitioner establishes that (1) there was good cause for the default and consequent prejudice, *see Murray v. Carrier,* 477 U.S. 478, 491 (1986), or (2) a fundamental miscarriage of justice would result if the defaulted claim is not heard, *see Schlup v. Delo,* 513 U.S. 298, 315 (1995). "Cause is defined as an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding." *Weddington v. Zatecky,* 721 F.3d 456, 465 (7th Cir. 2013) (internal quotation marks omitted). "Prejudice means an error which so infected the entire trial that the resulting conviction

violates due process." *Id.* The miscarriage of justice exception is satisfied only when the claimed constitutional violation probably caused an innocent person to be convicted. *See McCleskey v. Zant,* 499 U.S. 467, 494 (1991).

District Courts are permitted to consider, *sua sponte,* a habeas petitioner's procedural default such as committed by Ankh El and described above, but must afford the parties notice and an opportunity to be heard before acting on their own initiative to dismiss a petition on that basis. *See Day v. McDonough,* 547 U.S. 198 (2006).

The petitioner shall have such an opportunity. He shall have **through August 1, 2016** in which to show cause why this action should not be dismissed because of the petitioner's procedural default in failing to file a timely motion to transfer in No. 49A05-1507-PC-00929 following the dismissal of that appeal on May 19, 2016.

IT IS SO ORDERED.

Date: July 5, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MENES ANKH EL
233632
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135